# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEAZLEY INSURANCE COMPANY, INC., | Case No. 1:21-cv-01806-JLT-SKO |
| Plaintiff, | **ORDER DENYING WITHOUT PREJUDICE STIPULATED PROTECTIVE ORDER** |
| v. | |
| FOSTER POULTRY FARMS, et al. | (Doc. 21) |
| Defendants. | |

## I. INTRODUCTION

On October 21, 2022, the parties filed a request seeking Court approval of their Stipulated Protective Order. (Doc. 21.) The Court has reviewed the proposed stipulated protective order and has determined that, in its current form, it cannot be granted. For the reasons set forth below, the Court DENIES *without prejudice* the parties' request to approve the stipulation and protective order.

## II. DISCUSSION

**A. The Protective Order Does Not Comply with Local Rule 141.1(c)**

The proposed protective order does not comply with Rule 141.1 of the Local Rules of the United States District Court, Eastern District of California. Pursuant to Rule 141.1(c), any proposed protective order submitted by the parties must contain the following provisions:

(1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);

(2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and

(3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

Local Rule 141.1(c). The stipulated protective order fails to contain all of this required information.

Local Rule 141.1(c)(1) requires "[a] description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information." The protective order, in its current form, does not comply with this requirement. (*See, e.g.,* Doc. 21 at 3 (defining eligible material for protection as "non-public information, documents, and materials that may be produced in discovery in this action but qualify for protection from disclosure under common law, Federal Rule of Civil Procedure 26(c), and/or statutory privacy or confidentiality laws or rules." It "*may* include one or more of the following [listing categories]. ***These categories are expressly provided for illustrative purposes only, and are not intended to be, and should not be construed as, exhaustive of the types of information that may be appropriately designated as Confidential material."***).) (emphasis added).

The protective order also fails to identify the parties' need for protection in anything but the most general terms. (*See id*. at 2 ("Purpose").) As the parties do not present any ***particularized*** need for protection as to the identified categories of information to be protected, the protective order fails to comply with Local Rule 141.1(c)(2), which requires "[a] showing of particularized need for protection as to each category of information proposed to be covered by the order."

**B.     The Parties' Stipulated Protective Order is Denied <u>Without</u> Prejudice**

The parties may re-file a revised proposed stipulated protective order that complies with Local Rule 141.1(c) and corrects the deficiencies set forth in this order.

### III.     CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that the parties' request for approval of their Stipulated Protective Order (Doc. 21) is DENIED without prejudice to renewing the request.

IT IS SO ORDERED.

Dated:   **October 24, 2022**          /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE