1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LOWENSTEIN SANDLER**
Andrew Bisbas, Bar No. 306256
Email: abisbas@lowenstein.com
Andrew Reidy (pro hac vice)
areidy@lowestein.com
Joseph Saka (pro hac vice)
jsaka@lowenstein.com
2200 Pennsylvania Ave. NW
Suite 500E
Washington, DC 20037
T: 202.753.3820
F: 202.753-3838
*Counsel for Defendants.*

– and –

**TROUTMAN PEPPER HAMILTON
SANDERS LLP**
Kevin F. Kieffer, Bar No. 192193
kevin.kieffer@troutman.com
Ross Smith, Bar No. 204018
ross.smith@troutman.com
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
T: 949.622.2700
F: 949.622.2739
*Counsel for Plaintiffs.*

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| BEAZLEY INSURANCE COMPANY, INC., | CASE NO. 1:21-cv-01806-JLT-SKO |
| Plaintiff, | Sheila K. Oberto<br>U.S. Magistrate Judge |
| v. | **STIPULATED PROTECTIVE ORDER** |
| FOSTER POULTRY FARMS, and<br>FOSTER FARMS LLC, | **(Doc. 23)** |
| Defendants. | |

- 1 -

Beazley Insurance Company ("Beazley") and Foster Poultry Farms and Foster Farms LLC (collectively, "Foster Farms" and, with Beazley, the "Parties") through their respective counsel of record, submit this Proposed Stipulated Protective Order.  The parties intend to produce documents, testimony, discovery responses, and other information in this action that at least one party considers in good faith to be or to contain information entitled to confidential treatment under applicable law ("Confidential material"), and that are subject to protection under Federal Rule of Civil Procedure 26(c). Additionally, the parties may subpoena third-parties, whose response(s) may involve Confidential material. The parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Protective Order") to protect the confidential nature of such information contained in documents, testimony, and discovery responses...

Based upon the stipulation of the parties, and the Court being duly advised,

IT IS HEREBY ORDERED as follows:

1. **Purpose.**

   a. Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rules 140 and 141 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. **Scope.**

   a. This Protective Order addresses the handling of Confidential material during the pretrial phase of this case.

- 2 -

       i.  A Party seeking a protective order relating to the admission of evidence at trial shall submit a stipulation or request with the Party's pretrial statement.

      ii.  A nonparty seeking a protective order for trial shall submit a motion at or before the time for filing pretrial statements or promptly following discovery of the need for the order.

b.  This Protective Order shall apply to all Confidential material, which may include disclosures, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery rights and duties under the Federal Rules of Civil Procedure, as well as all summaries or compilations of Confidential material;

c.  This Protective Order does not entitle any Party to file documents under seal or to file redacted documents. All requests to seal or redact shall be governed by Local Rules 141 (sealing) and 140 (redaction).

d.  This Protective Order applies to information produced by both Parties and nonparties.

e.  The protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure or becomes part of the public domain after its disclosure as a result of publication not involving a violation of this Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the receiving Party prior to the disclosure or obtained by the receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the designating Party.

**3.   Nonwaiver and Reservation of Rights.**

a.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order.

- 3 -

b. Nothing in this Protective Order precludes a Party from making any use of documents that were lawfully in its possession at the beginning of this lawsuit.

c. This Protective Order is not intended to and does not waive any provisions of Rule 26(c) of the Federal Rules of Civil Procedure and does not preclude any Party from seeking a protective order under any of the provisions of Rule 26(c) related to any form of discovery.

d. The Parties expressly reserve the right to seek an amendment to this Protective Order in the event that the need arises to designate additional categories of information qualifying for protection under the applicable federal and local rules or for other good cause.

**4. Definitions.**

a. As used in this Protective Order, "Document" is defined as provided in Fed. R. Civ. P. 34(a)(l)(A), and includes electronically-stored information and other data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

b. "Confidential material" includes non-public information, documents, and materials that may be produced in discovery in this action but qualify for protection from disclosure under common law, Federal Rule of Civil Procedure 26(c), and/or statutory privacy or confidentiality laws or rules. "Confidential material" includes one or more of the following categories:

i. information prohibited from disclosure by statute or contractual agreement;

ii. information regarding the defense of the underlying claims at issue (*e.g.*, defense invoices);

iii. the Parties' trade secrets;

iv. research, technical, commercial, or financial information that the Party has maintained as confidential;

v. personal identity information; and,

vi. nonpublic commercial, technical, financial, or insurance information, including any information as defined in any jurisdiction's cybersecurity statutes or

- 4 -

regulations in order to avoid putting any entity about which such information is disclosed at a competitive disadvantage.

5. **Designations.** A party or third-party producing information or documents in this action ("Producing Party/ies") may designate as "Confidential" documents, testimony, written responses, or other materials produced in this case as set forth in this Protective Order if they contain information that the Producing Party has a good faith basis for asserting is Confidential material. Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, material that qualifies for protection under the Protective Order must be clearly so designated before or when the material is disclosed or produced. Each Producing Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

   a. Information in documentary form (*e.g.,* paper or PDF documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings): The Producing Party shall affix the word "CONFIDENTIAL" to each page of the document that contains Confidential material.

   b. Electronic documents / files produced in their native format (*e.g.*, Excel spreadsheets, Power Point files, etc.): for electronic documents / files produced in native format, the Producing Party may insert the word "CONFIDENTIAL" into the name of the document / file, the metadata fields produced, or affix it to the image slip sheet of the native file rather than affixing it to each page within the document / file itself.

   c. Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential.

   d. Other tangible items: the Producing Party must affix in a prominent place on the

- 5 -

exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

**6. Objections.**

a. Each party reserves the right to dispute at any time the confidential status claimed by any other party or subpoenaed non-party in accordance with this Protective Order. A party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. If a party believes that any documents or materials have been inappropriately designated Confidential matter by a Producing Party, that party shall confer with counsel for the Producing Party. As part of that conferral, the Producing Party must assess whether redaction is a viable alternative to a complete confidentiality designation.  If they are unable to resolve the matter informally, a party or subpoenaed non-party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of who files the motion, the party or non-party seeking to designate a document as Confidential bears the burden of establishing good cause for why the document is Confidential. A party who disagrees with a Producing Party's Confidential designation must nevertheless abide by that designation until the matter is resolved by agreement with the Producing Party or by order of the Court.

**7. Permissive Disclosure.**

a. Confidential material shall not be disclosed or used by the Party or Parties receiving it, for any purpose except the preparation, adjudication, and resolution of this action.

b. All information designated as Confidential material may be reviewed only by the following persons:

    i. the respective Parties' legal counsel working on this case, both outside counsel and in-house counsel, who expressly agree in writing to be bound by the terms

- 6 -

of this Protective Order;

    ii.  persons regularly employed or working with the respective Parties' legal counsel whose assistance is required by said attorneys in the preparation of the case including pretrial proceedings in this case and who expressly agree in writing to be bound by the terms of this Protective Order;

    iii.  the Parties, including their respective representatives and any designated witnesses who are directly assisting legal counsel in the preparation of this case and who expressly agree in writing to be bound by the terms of this Protective Order;

    iv.  expert witnesses and consultants retained in connection with this litigation who expressly agree in writing to be bound by the terms of this Protective Order, to the extent such disclosure is necessary for preparation or other proceedings in this case;

    v.  the Court and its personnel;

    vi.  stenographic or videographer reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    vii.  the authors and the original recipients of the documents;

    viii.  deponents, witnesses, or potential witnesses during the course of their testimony and in preparation for testimony, to the extent such disclosure is necessary for their testimony or preparation for testimony;

    ix.  Employees of copy services, database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action; and

    x.  other persons authorized by written agreement of the Parties or by the Court.

c.  Persons contemplated by subparagraph 7(b) shall receive a copy of this Protective Order before the Parties or their counsel may disclose any Confidential material.

d.  Absent the Producing Party's consent, unless otherwise authorized by the Court, Confidential material produced subject to this Protective Order shall not be publicly

- 7 -

1    filed by any party with the Court or included in whole or in part in publicly-filed

2    pleadings, motions, briefs, etc., during the pre-trial phase of this case. If a party is

3    required to seek leave to file Confidential material under seal due to this provision, the

4    Producing Party shall carry the burden of demonstrating that all requirements for

5    maintaining such material under seal are met. If and to the extent the Court concludes

6    any such material does not qualify for filing under seal, it may then be publicly filed.

7    **8.  Inadvertent Disclosure.**

8         a.   <u>Confidential material</u>. An inadvertent failure to designate a document, testimony, or

9             other material as privileged or "Confidential" prior to disclosure shall not operate as a

10            waiver of the Producing Party's right to later designate the document, testimony, or

11            other material as privileged or "Confidential." Any item or information inadvertently

12            furnished by the producing Party or nonparty during the course of this litigation without

13            designation of CONFIDENTIAL may nevertheless subsequently be designated as

14            Confidential material under this Order, but only if counsel for the producing Party

15            provides written notice to all receiving Parties of the inadvertent production promptly

16            upon discovery of the error and requests that the receiving Parties thereafter treat such

17            information as Confidential material under this Order. No disclosures of such

18            inadvertently produced information shall be deemed to violate this Order if the

19            disclosure is made prior to the receipt of notice of the producing Party's designation of

20            the information as Confidential material.

21        b.   <u>Privileged Information</u>. Pursuant to Federal Rule of Evidence 502(d), the parties agree

22            that the production of privileged or work-product protected documents ("Privileged

23            Information"), including ESI, is not a waiver, whether the production is inadvertent or

24            otherwise, in this litigation or in any other federal or state proceeding.

25             i.   Upon discovery by a Producing Party (whether by notice from the receiving

26                 party, or otherwise) that it did or may have produced Privileged Information, the

27                 Producing Party shall, within ten (10) days of such discovery, request the return

28                 of such Privileged Information by sending a written notification ("Clawback

- 8 -

Letter") to the receiving party, which shall identify the documents or ESI in question by Bates number or otherwise and the basis on which the privileged information should have been withheld from production.  The requirements in this paragraph apply equally to instances in which a Producing Party discovers during a deposition that it did or may have produced Privileged Information.  For purposes of this Order, "discovery" shall mean "actual notice."  Production of Privileged Information alone is insufficient to constitute actual notice.

ii.   Upon receipt of a Clawback Letter, the receiving party shall not use the Privileged Information identified in the letter in any manner, unless and until the Court rules on the privilege assertion.  The Producing Party shall, within twenty (20) business days of the date of the Clawback Letter, reproduce any document or ESI that is comprised only partially of Privileged Information with the Privileged Information redacted.

iii.  If a receiving party disagrees with a claim of privilege set forth in a Clawback Letter, it shall notify the Producing Party and provide the basis for disputing the privilege claim in writing.  The Producing Party must preserve the information claimed to be privileged or otherwise protected until the claim is resolved.  Thereafter, the parties shall meet and confer in a good faith attempt to resolve the dispute.

iv.  In the event that the parties do not resolve their dispute, the receiving party may bring a motion for a determination of whether a privilege applies.  If such a motion is made, the Producing Party shall submit to the Court, under seal and for in camera review, a copy of the disputed Privileged Information in connection with its motion papers.  This in camera submission to the Court shall not constitute a waiver of any privilege or protection.  Any motion to determine whether a privilege applies shall be filed no later than twenty (20) days after the parties meet and confer. All documents and ESI identified in any Clawback Letter shall be included in the privilege logs produced by the parties. The

- 9 -

1      obligations of the parties set forth in this section apply irrespective of the care

2      taken by the Producing Party to prevent disclosure.

3          v.   This paragraph does not preclude a party from voluntarily waiving the attorney-

4               client privilege or work product protection. However, no such waiver shall be

5               presumed absent an express waiver.

6      c.   Nothing herein limits a Party's right to conduct a review of documents, ESI, or

7           information (including metadata) for relevance, responsiveness, and/or the segregation

8           of privileged information and work product material prior to production.

9   **9.   Protected Material Subpoenaed or Ordered Produced In Other Litigation**

10     a.   If a Party is served with a subpoena or a court order issued in other litigation that

11          compels disclosure of any Confidential  material, that Party must:

12          i.   promptly notify in writing the designating Party. Such notification shall include

13               a copy of the subpoena, court order, or other documents relevant to the

14               compelled disclosure;

15          ii.  promptly notify in writing the Party who caused the subpoena or order to issue

16               in the other litigation that some or all of the material covered by the subpoena or

17               order is subject to this Protective Order. Such notification shall include a copy of

18               this Stipulated Protective Order; and

19          iii. cooperate with respect to all reasonable procedures sought to be pursued by the

20               designating Party whose Confidential material may be affected

21     a.   If the designating Party timely seeks a protective order, the Party served with the

22          subpoena or court order shall not produce any Confidential material before a

23          determination by the court from which the subpoena or order issued, unless the Party

24          has obtained the designating Party's permission.  The designating Party shall bear the

25          burden and expense of seeking protection in that court of its confidential material – and

26          nothing in these provisions should be construed as authorizing or encouraging a

27          receiving Party in this action to disobey a lawful directive from another court.  If the

28          designating Party fails to object or seek a protective order within 35 days of receiving

- 10 -

the notice and accompanying information, the designating Party's responsive, confidential information may be produced.

**10. Final Disposition.**

    a.  The duty to keep confidential any information or documents designated as Confidential material survives the completion of this case. Upon the written request of the Producing Party, within 60 days of dismissal of all claims and defenses in this case, with or without prejudice, or final judgment and after completion and exhaustion of all appeals, rehearings, remands, trials or reviews of this case, including the time limits for filing any motions or applications for extension of time pursuant to applicable law, the parties and any person authorized by this Protective Order to receive Confidential material, excluding the Court and its personnel, must return to the Producing Party, or destroy, all Confidential material subject to this Protective Order, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any Confidential material. Whether the Confidential material is returned or destroyed, the Party receiving the Confidential Information must submit a written certification to the Producing Party by the 60-day deadline that (1) identifies (by category, where appropriate) all Confidential material that was returned or destroyed and (2) affirms that the Party receiving the Confidential material has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, attorney working papers, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Confidential material otherwise remain subject to this Protective Order.

- 11 -

1

2

**Dated:**  _____

3      **LOWENSTEIN SANDLER**
       Andrew Bisbas, Bar No. 306256
4      Andrew Reidy (pro hac vice)
       Joseph Saka (pro hac vice)
5      2200 Pennsylvania Ave. NW
       Suite 500E
6      Washington, DC 20037
       T: 202.753.3820
7      F: 202.753.3838
       E: abisbas@lowenstein.com
8      E: areidy@lowestein.com
       E: jsaka@lowenstein.com
9      *Counsel for Defendants.*

10

11     **Dated:**  _____

12     **TROUTMAN PEPPER HAMILTON
       SANDERS LLP**
13     Kevin F. Kieffer, Bar No. 192193
       Ross Smith, Bar No. 204018
14     5 Park Plaza, Suite 1400
       Irvine, CA 92614-2545
15     T: 949.622.2700
       F: 949.622.2739
16     E: kevin.kieffer@troutman.com
       E: ross.smith@troutman.com
17     *Counsel for Plaintiffs.*

18

19

20

21

22

23

24

25

26

27

28

- 12 -

1

2                                    **ORDER**

3

4    IT IS SO ORDERED.

5    Dated:   **November 4, 2022**              /s/ *Sheila K. Oberto*
                                       UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 13 -

STIPULATED PROTECTIVE ORDER                    CASE NO. CASE NO. 1:21-cv-01806-JLT-SKO
132120556

1
2
3
4
5
6
7

**Exhibit A:**

8

**Agreement to be Bound by Stipulated Confidentiality and Protective Order in**

9

**Eastern District of California Case No. 1:21-cv-01806-JLT-SKO**

10    The undersigned hereby acknowledges that he/she has read the Stipulated Confidentiality and

11  Protective Order in the above-captioned action and attached to this Order, understands its terms, and

12  agrees to be bound by its terms. The undersigned submits to the jurisdiction of the U.S. District Court

13  for the Eastern District of California for the purpose of proceedings relating to my performance under,

14  compliance with, or violation of the Confidentiality and Protective Order.

15    The undersigned understands that the terms of the Stipulated Confidentiality and Protective

16  Order obligate him/her to use materials designated as "CONFIDENTIAL" or substantially equivalent

17  language, in accordance with the Stipulated Confidentiality and Protective Order solely for purposes of

18  the above-captioned action. The undersigned shall not to disclose any information contained in

19  materials designated as "CONFIDENTIAL" to any other person or entity.

20    The undersigned agrees that at the conclusion of the litigation, he/she will return, destroy, or

21  delete all materials designated as "CONFIDENTIAL," or substantially equivalent language, to the

22  party or attorney from whom he/she received it.

23    The undersigned understands that disclosure of information designated "CONFIDENTIAL" in

24  violation of the Confidentiality and Protective Order may constitute contempt of court.

25    I declare under penalty of perjury that the foregoing is true and correct.

26  Date: _____

27  Printed Name: _____

28  Signature: _____

- 14 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 15 -