# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEAZLEY INSURANCE COMPANY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FOSTER POULTRY FARMS and FOSTER FARMS LLC,<br><br>Defendants. | Case No. 1:21-cv-01806-JLT-SKO<br><br>**ORDER GRANTING DEFENDANTS' UNOPPOSED REQUESTS TO SEAL DOCUMENTS IN ACCORDANCE WITH LOCAL RULE 141**<br><br>**(Docs. 45 & 47)** |

**A.  Background**

On March 31, 2023, Plaintiff and Counter-Defendant Beazley Insurance Company, Inc. ("Plaintiff") submitted a request to seal certain documents related to Plaintiff's Motion for Summary Judgment ("MSJ Documents"). (Doc. 42; *see also* Doc. 39 (Plaintiff's Motion for Summary Judgment).) Plaintiff filed partially redacted copies of these documents in conjunction with its Motion for Summary Judgment (*see* Doc. 39), and unredacted copies were sent to the Court via email. Plaintiff explained that the MSJ Documents were subject to the parties' Stipulated Protective Order governing the use and disclosure of material produced during discovery (*see* Doc. 24), and Defendants and Counter-Claimants Foster Poultry Farms and Foster Farms, LLC (collectively, "Defendants") had designated these documents as "confidential" under the terms of the protective order. (Doc. 42.)

The assigned District Judge's Standing Order provides as follows:

> All requests to seal shall be governed by Local Rules 141 (sealing) and 140 (redaction); protective orders covering the discovery phase shall not govern the filing of sealed or redacted documents on the public docket. The court will only consider requests to seal or redact

> filed by the proponent of sealing or redaction. If a party plans to make a filing that includes material an opposing party has identified as confidential and potentially subject to sealing, the filing party shall provide the opposing party with sufficient notice in advance of filing to allow for the seeking of an order of sealing or redaction from the court.

(Doc. 10 at 3–4.) The parties' Protective Order provides that

> Absent the Producing Party's consent, unless otherwise authorized by the Court, Confidential material produced subject to this Protective Order shall not be publicly filed by any party with the Court or included in whole or in part in publicly-filed pleadings, motions, briefs, etc., during the pre-trial phase of this case. If a party is required to seek leave to file Confidential material under seal due to this provision, the Producing Party shall carry the burden of demonstrating that all requirements for maintaining such material under seal are met. If and to the extent the Court concludes any such material does not qualify for filing under seal, it may then be publicly filed.

(Doc. 24 at 7–8.)

It was unclear whether Plaintiff, as the filing party, provided Defendants, as the producing party, with sufficient notice in advance of filing the sealing request, as required by the District Judge's Standing Order. (*See* Doc. 10 at 3–4.) It was also unclear whether Defendants consented to the sealing request altogether, as contemplated by the stipulated protective order. (*See* Doc. 24 at 7–8.) Accordingly, the Court ordered Defendants to file a request to seal or a notice that they have withdrawn the "confidential" designation of the Documents. (Doc. 43.) Plaintiff's request to seal was thereby denied without prejudice. (*Id.*)

### B. Defendants Requests to Seal (Docs. 45 & 47)

On April 14, 2023, Defendants submitted a request to file under seal three documents related to their Opposition to Plaintiff's Motion for Summary Judgment ("Opposition Documents"). (Doc. 45.) Defendants filed partially redacted copies of these documents in conjunction with their Opposition to Plaintiff's Motion for Summary Judgment (*see* Doc. 44), and unredacted copies were sent to the Court via email.

Defendants state that filing the Opposition Documents under seal is appropriate because (1) these documents contain confidential and/or privileged information about Defendants' defense in actions pending in the United States District Court for the Northern District of Illinois that have

been consolidated as *In re Broiler Antitrust Litigation*, Case No. 16-CV-08637 (N.D. Ill.); (2) they contain confidential material relating to Defendants' confidential settlement agreement with National Union Fire Insurance Company of Pittsburgh, Pa. ("AIG"), which is not a party to this action; and (3) the information constitutes "Confidential Material" within the meaning of the Stipulated Protective Order (Doc. 24).  (Doc. 45 at 2, 6.)  Specifically, Defendants contend that public access to the information contained in the Opposition Documents may harm their defense in the ongoing litigation in the other federal court matter because, for example, the plaintiffs in those pending actions may utilize the confidential information to gain an unfair advantage in the litigation.  (*Id*. at 6.)  Defendants further contend that public access to their agreement with AIG, which was expected to remain confidential, could hamper the ability of the litigants (including in this case) to reach compromises on disputed issues.  (*Id*.)

On April 17, 2023, Defendants submitted a second request to seal, seeking sealing of the MSJ Documents originally identified by Plaintiff in its earlier request, with the exception of Exhibits 3, 4, and 5 to the Declaration of Ross Smith.  (Doc. 47 at 2.)  Defendants cite the same reasons in support of their request to seal the MSJ Documents as those they offered with regard to the Opposition Documents.  (*See* Doc. 47 at 3–6.)

Pursuant to Local Rule 141(b), a request to seal a document "shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information."  L.R. 141(b).  "Only if good cause exists may the Court seal the information from public view after balancing 'the needs for discovery against the need for confidentiality.'"  *Koloff v. Metro. Life Ins. Co.*, No. 1:13-cv-02060 AWI JLT, 2014 WL 12573330, at *1 (E.D. Cal. July 9, 2014) (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010)).  A party may submit an opposition to a request to seal documents within three days of the date of service of the request.  L.R. 141(c).

Defendants indicate that Plaintiff does not oppose its two sealing requests.  (*See* Docs. 45 & 47.)  Plaintiff did not submit oppositions to the two sealing requests, and the time to do so has since expired.  Defendants' sealing requests (Docs. 45 & 47) are therefore deemed unopposed.

3

Considering the privacy interests at stake and the potential harm to Defendants' defense in ongoing litigation that may result from public disclosure of this information, Defendants have adequately articulated "good cause" for maintaining confidentiality. *See Zavala v. GreatBanc Trust Co.*, No. 1:19-cv-00239-DAD-SKO, 2022 WL 17830231, at *2 (E.D. Cal. Dec. 20, 2022). Defendants have complied with Local Rule 141, and in view of as the sensitive information contained in the MSJ Documents and Opposition Documents, the Court finds it appropriate to allow Defendants to file both categories of documents under seal.

**C.  Order**

Based on the foregoing, the Court GRANTS Defendants' unopposed requests to seal (Docs. 45 & 47), and ORDERS that the MSJ Documents and Opposition Documents be FILED UNDER SEAL in accordance with Local Rule 141(e)(2).

Defendants' counsel shall comply with Local Rule 141(e)(2)(i) to ensure the documents are filed on the docket under seal.

IT IS SO ORDERED.

Dated:   **April 27, 2023**                    /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE

4